**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re: ALICE DIANE LUCAS, | ) | Case No. 79-00018 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DIANE L. CROCKETT, fka Alice Diane Lucas, | ) | Adv. No. 07-06058 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ECMC, | ) | |
| | ) | |
| Defendant, | ) | |

**MEMORANDUM**

This matter comes before the Court on a complaint filed by Diane L. Crockett, formerly known as Alice Diane Lucas ("the Plaintiff") to determine the dischargeability of a debt owed to ECMC ("the Defendant") that was properly scheduled in a case that was filed more than twenty-five years ago. Judgment shall be entered in favor of the Plaintiff.

1

*Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*Facts*[1]

In or about February of 1975, the Plaintiff obtained a student loan ("the Loan") that was federally insured or guaranteed under the Higher Education Act. The proceeds were disbursed in due course. On January 22, 1979, the Plaintiff filed a petition under chapter XIII of the Bankruptcy Act of 1898 ("the 1898 Act") initiating the above-styled case ("the 1978 Case"). The case was eventually converted to chapter 7 and an order of discharge was entered on June 18, 1983. The case was closed in the normal course on February 7, 1985.

The Defendant made no attempt to collect the alleged debt for a period of more than nineteen years after the bankruptcy case was closed when, on August 10, 2004, it sent a letter to the Plaintiff seeking to collect the debt arising under the Loan. On August 4, 2006, an Order of Withholding from Earnings issued garnishing the Debtor's wages pursuant to Public Law 102-164, codified at 20 U.S.C. § 1095a.

In May of 2007, the Plaintiff filed a motion to reopen the 1978 Case. The motion was granted and on June 26, 2007, the Plaintiff filed the above-styled adversary complaint. A trial was held. A briefing schedule was set, but neither party elected to file a brief.

---

[1] The facts are taken from the joint Stipulation of Facts filed by both parties at the hearing on this matter.

*Discussion.*

The determination of the dischargeability of the Debtor's student loan must be made by determining what substantive law existed on the date that the Debtor filed her petition, for it is that date that determines the rights of the parties.  University of Georgia v. Bonesteel (In re Bonesteel, Not Reported in B.R., 0080 WL 357910 (Bankr. E.D.Va. 1980) (And cases cited therein.).

In 1965 federally guaranteed student loans became non-dischargeable in bankruptcy unless the court found that failure to permit such a discharge would impose an undue hardship on the debtor or the debt was more than five years old on the date of discharge.  See 20 U.S.C. § 1087-3.

Section 317 of the Bankruptcy Reform Act of 1978 ("the 1978 Act") expressly repealed 20 U.S.C. § 1087-3.  Section 317 of the 1978 Act provided that "Section 439A of Part B of title IV of the Higher Education Act of 1965 (20 U.S. C.  1087-3) is repealed."   Section 402(d) of the 1978 Act made Section 317 of the 1978 Act effective as of the date of the enactment of the act, which was November 6, 1978.[2]

Section 523(a)(8) of the 1978 Act (codified at 11 U.S.C. § 523(a)(8)) made student loans non-dischargeable.  Section 402(a) of the 1978 Act, however, provided that Section 523 of the 1978 Act effective would not be effective until October 1, 1979.[3]

---

[2] "[T]he amendments made by sections 217, 218, 230, 247, 302, 314(j), 317, 327, 328, and 411 of this Act shall take effect on the date of enactment of this Act."   Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, Enacted November 6, 1978 [H.R. 8200].

[3] "Except as otherwise provided in this title, this Act shall take effect on October 1, 1979." Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, Enacted November 6, 1978 [H.R. 8200].  Section 523 was not among the exceptions provided.

3

The difference in the two dates created an eleven month gap in time during which no statute existed that provided that governmentally insured student loans were non-dischargeable in bankruptcy. Accordingly, the applicable statute provides that the Debtor's student loan debts were dischargeable and were discharged.

Some courts have held that the Savings Provision in Section 403 of the 1978 Act effectively "saved" 20 U.S.C. § 1087-3 from being repealed until Section 523(a)(8) became effective. The problem with this conclusion is that Section 403 itself did not become effective until October 1, 1979. Thus it could not save Section 1087-3 from repeal under Section 402(d) before that date.

Furthermore, on August 14, 1979, Congress amended Section 17 of the 1978 Act to provide that student loans were non-dischargeable from that date until October 1, 1979. Congress would not have deemed that legislation necessary if it believed that the Savings Provision of Section 403 was sufficient to delay the repeal of Section 1087-3.

It is not disputed that Congress intended to repeal Section 1087-3 at the same time that it enacted Section 523. But that is not what Congress did. Some Courts have determined that to apply a literal interpretation in this case would manifestly torture the intent of Congress.

> This may be so but it was a legislative mistake and no amount of judicial mental gymnastics can change the plain meaning of what Congress did, even though it was not what was intended.
> There is no question in anyone's mind that Congress did not intend to repeal 20 U.S.C. 1087-3 before BRA Section 523(a)(8) became effective. All of the cases which have addressed this issue are in agreement as to that intent, and I concur. Nevertheless, what Congress intended was not what it in fact did.

<u>Massachusetts Higher Education Assistance Corporation v. Sawaya (In re Sawaya)</u>, 2 B.R. 37, 39 (Bankr. D.Mass. 1979).

"The statute . . . is unambiguous. To judicially reconstruct it in contravention of its plain meaning is going too far. Congress produced the law, and it is the function of Congress to change it." University of Louisville v. Kidwell (In re Kidwell), 4 B.R. 685 (Bankr. W.D.Ky. 1980). It is not the province of this Court to divine the intent of Congress when the language of the relevant statutes is clear.

The discharge that issued in cases that were filed between November 6, 1978 and August 14, 1979, discharged all debts arising from governmentally-insured student loans, without exception. The debt owed by the Debtor based on loans received from the defendant or its predecessors was discharged by the discharge order entered in her case. Any and all acts to collect such debt are enjoined by the discharge injunction.

An appropriate judgment shall issue.

Upon entry of this memorandum the Clerk shall forward copies of this order to Howard J. Beck, Esq., and James Joyce, Esq.

Entered on this 21st day of July, 2008.

_____

William E. Anderson
United States Bankruptcy Judge

5